SYDNEY TABER, PROSECUTOR, v. STATE BOARD OF REG-
ISTRATION AND EXAMINATION IN DENTISTRY OF
NEW JERSEY, DEFENDANT.

Argued January 22, 1947—Decided February 18, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Brogan, Hague & Malone* (*Thomas J. Brogan*).

For the defendant, *Walter D. Van Riper* and *Joseph A. Murphy.*

The opinion of the court was delivered by

BODINE, J. The defendant suspended the prosecutor from the practice of his profession for a period of six months because he entered into possession of dental material and equipment necessary for the management of a dental office, which was owned by one not a licensed dentist, on the basis of a lease or other agreement for compensation for the use thereof.

The action was predicated on *R. S.* 45:6–7 (h).

The statute so far as subdivision (h) is concerned is unconstitutional. In the interest of the public, the practice of dentistry may be regulated. The public has no interest in the financial arrangements a dentist may make as to his office and equipment. It is requisite that those practicing a profession have skill. A leased chair and drill are as useful in the hands of a skilled dentist as the same articles covered by a chattel mortgage which the act permits. Many a pro-

256

fessional man has his start in the use of another's office and equipment.

The legislation in question is an encroachment upon the liberty of the individual which cannot be upheld on the ground of a valid exercise of the police power.

The conviction might be set aside on other grounds argued, but we have chosen to rest our decision on the single ground that the provision of the statute under which the suspension was had is a violation of the constitutional right to be free of arbitrary interference with a lawful calling. *Levin* v. *State Board,* 121 *N. J. L.* 193; *Liggett Co.* v. *Baldridge,* 278 *U. S.* 105, 113.

The suspension is set aside.